# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,  :  Case No. 1:20-cr-147
                                Also Civil Case No. 1:23-cv-218

                                District Judge Matthew W. McFarland
- vs -                        Magistrate Judge Michael R. Merz

DARREL L. BERRY,

        Defendant.  :

## REPORT AND RECOMMENDATIONS

This is an action on a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 53) brought *pro se* by Defendant Darrel L. Berry. The case is before the Court for preliminary review under Rule 4 of the Rules Governing § 2255 Proceedings. District Judge McFarland has referred the Motion to Vacate to the undersigned (ECF No. 55). The results of a preliminary review by a Magistrate Judge must be reported to the assigned District Judge in a report and recommendations.

**Litigation History**

Berry was indicted by a grand jury of this District on November 19, 2020, and charged with conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(l) and 841 (b)(1)(C)(Count 1); distribution of fentanyl (Count 2); possession of fentanyl with intent to

distribute it (Count 3); and possession of a firearm in furtherance of a drug trafficking crime (Count 4)(Indictment, ECF No. 1).  Berry was represented by retained counsel until July 8, 2021, when Matthew Wiseman was appointed on recommendation of the Federal Defender (ECF Nos. 20, 21).

On May 22, 2022, Berry entered into a Plea Agreement with the United States (ECF No. 30).  Relevant provisions include Berry's agreement to plead guilty to Count 4 of the Indictment (¶ 1); that the mandatory minimum sentence was five years imprisonment up to life imprisonment (¶ 3); an agreed sentence of five years plus a term of supervised release determined by Judge McFarland (¶ 8a); dismissal of the remaining counts of the Indictment (¶ 10); and waiver of the right to appeal (¶ 11). Berry agreed that he

> has read and understands this plea agreement; the Defendant accepts this plea agreement knowingly and voluntarily and not as a result of any force, threats, or promises, other than the promises in this plea agreement.  The Defendant has conferred with counsel regarding this plea agreement and the facts and circumstances of the case, including the applicable law and potential defenses, and the Defendant is fully satisfied with the representation, advice, and other assistance of counsel in this case.

(¶ 15).

On June 8, 2022, Berry appeared before Judge McFarland for a change of plea hearing (Transcript, ECF No. 42).  Berry swore he would answer Judge McFarland's questions truthfully and understood he could be prosecuted for perjury if he did not do so. *Id.* at PageID 162.  Berry swore he was satisfied with the advice his attorney had given him. *Id.* at PageID 168.  Judge McFarland asked if he understood that the minimum sentence was five years plus up to five years of supervised release but the maximum was life imprisonment and he said he understood. *Id.* at PageID 168.  Berry said he understood he could appeal in only a very limited set of circumstances. *Id.* at PageID 171.  He said he understood that, given the mandatory minimum prison sentence, the

2

judge would be unable to place him on probation. *Id.* at PageID 172-73. Berry agreed that the Assistant United States Attorney's summary of the terms of the Plea Agreement was accurate. *Id.* at PageID 179. He agreed that the Plea Agreement contained all that had been agreed upon; that he had not been threatened to get him to sign it, and that he was pleading guilty of his own free will. *Id.* at PageID 180-81. Berry agreed that the Statement of Facts attached to the Plea Agreement was accurate. *Id.* at PageID 182. Berry then pleaded guilty. *Id.* at PageID 183. On December 6, 2022, Judge McFarland sentenced Berry as agreed upon in the Plea Agreement to five years imprisonment and three years of supervised release (Judgment, ECF No. 47).

**Berry's Motion to Vacate**

Berry's Motion to Vacate is limited to claims he was provided ineffective assistance of trial counsel by Matthew Wiseman from the date of his appointment through the last day on which Berry could have filed a direct appeal. His ineffective assistance claims are not barred by his failure to raise them on direct appeal because the federal courts of appeal prefer such claims to be brought in a motion to vacate under 28 U.S.C. § 2255. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006). Berry's Motion to Vacate was timely filed, well within the one-year statute of limitations from the date his conviction became final.

However, his Motion to Vacate is utterly without merit. Virtually every statement made in the Motion is flatly contradicted by his statements under oath at the plea colloquy hearing. For example, he claims "In his [Attorney Wiseman's] strategy to coerce my acceptance of the plea agreement, counsel's statements regarding sentencing led me to believe that I would receive a sentence on the minimal side of the sentencing range, not the maximum side." (Motion, ECF No.

3

53, PageID 262). But Berry did receive the minimum sentence of sixty months as mandated by the Congress of the United States for everyone who commits the crime to which Berry pleaded guilty. Not only did Attorney Wiseman advocate for the minimum sentence, he ensured that it was the agreed disposition in the Plea Agreement. As for Berry's claim that Wiseman coerced him into signing the Plea Agreement, that is directly contradictory to his sworn statement that he was pleading guilty of his own free will.

Berry claims the government embellished the facts of his crime and Attorney Wiseman never objected. He gives no examples[1], but the critical point is that Berry received the mandatory minimum sentence. Berry also claims

> At sentencing I was totally shocked at what the judge said and did. Had I been aware of the likelihood that my sentence would be as high as it was, I would not have signed plea agreement. Additionally, I was sentenced to serve three additional years in supervised release status following incarceration. Again, this amount was disproportionate to my crime but received no challenge from counsel.

(Motion, ECF No. 53, PageID 264). This statement suggests Berry did not read the Plea agreement, although he swore he did, or understand it, which again he swore he did. Judge McFarland did exactly what was agreed upon. Why was that "shocking"?

Berry argues there were facts that could have been argued in his behalf, but he never says what any of them were. He asserts the Government relied on relevant conduct to enhance his sentence and Attorney Wiseman never objected. Whatever argument the Government made, Judge McFarland did not depart from the Plea Agreement and imposed the mandatory minimum sentence.

---

[1] In fact, the United States advocated for imposition of the agreed sentence although Judge McFarland had discretion to impose up to life imprisonment (U.S. Sentencing Memorandum, ECF No. 46).

Berry also claims Attorney Wiseman provided ineffective assistance of trial counsel by not consulting with him about appealing.

The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig*, 162 F.3d at 459. In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks. The Court held counsel must consult with the client about the advantages and disadvantages of taking an appeal when there is reason to think that a rational defendant would want to appeal or this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *See also Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004).

Berry does not claim that he told Attorney Wiseman he wanted to appeal, but only that Wiseman would have known that if he had consulted with Berry. There must have been some conversation, because Berry recounts Wiseman told him he had waived his right to appeal, which is true. Berry also claims he had non-frivolous grounds for an appeal, but he never says what they were.

In writing about prejudice from Attorney Wiseman's asserted deficiencies, Berry claims he would have had an opportunity of being sentenced to less jail time. But not with the Plea Agreement and guilty plea he had made. Withdrawing the guilty plea would have been an uphill battle, given the thorough plea colloquy Judge McFarland conducted.

Berry recognizes that the standard for ineffective assistance of trial counsel claims is set by *Strickland v. Washington,* 466 U.S. 668 (1984); that standard applies also in negotiated plea cases. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). Berry has shown neither deficient performance nor resulting prejudice in the representation

of Attorney Wiseman. At the same time in making sworn statements of fact in his Motion which flatly contradict his statements in the plea colloquy, he has raised at least the suspicion he committed perjury on one of those two occasions, behavior which does not enhance the credibility of his allegations.

Berry claims his sentence is disproportionate to his conduct, but never says why. Fentanyl kills people. Add a firearm and the risk of serious harm is multiplied. The Magistrate Judge believes Congress got it right in prescribing a mandatory minimum sentence of five years is proportionate to the gravity of possessing a gun while trafficking in fentanyl.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 5, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
